CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, v. ARTURO
APONTE, JR., Defendant and Appellant.

No. 3588. Argued March 9, 1925.—Decided April 24, 1925.

APPEAL—TRANSCRIPT OF RECORD—CROSS-APPEAL.—Although the best practice
is that when both parties appeal they should agree to submit their appeals
on the same transcript of the record, each appellant has a right to submit
a separate transcript, and in case of cross-appeals the Supreme Court will
not oblige one appellant to submit his appeal on the transcript filed by
the other.

MOTION FOR RECONSIDERATION of an order overruling a motion that
the judgment-roll and transcript of the evidence filed in another
appeal be made a part of this record. *Overruled.*

*Carlos Travecier, Fernando Gallardo* and *Arturo Aponte, Jr.,* for
the appellant. *Henry G. Molina* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

In this appeal by the defendant the plaintiff appeared on
March 14, 1925, and moved that the judgment-roll and tran-
script of the evidence filed in another appeal taken by it
from the same judgment be made a part of the record and
serve as a basis for the decision of the appeal, admitting,
however, that the appellant was preparing a transcript of
the record in the district court for the purposes of his ap-
peal. The appeal taken by the plaintiff was from the judg-
ment in so far as adverse to it in not having allowed all
that was prayed for in the complaint. The appeal taken by
the defendant was from "that part of the judgment which
held that the plaintiff had not purchased from the defendant
320 quintals of sugar of the crop of 1920 at the rate of
$18.50 per quintal, and from that part of the judgment which
dismissed the defendant's counter-claim."

The motion of the appellee was overruled on March 17,
1925, and now the said appellee comes and moves this court
to reconsider its order and rule in conformity with the origi-
nal motion.

The appellee cites from the opinion of the United States

Circuit Court of Appeals for the First Circuit in the case of *Gandía* v. *Porto Rico Fertilizer Co.,* 291 Fed. 23, as follows:

"There is one other matter that deserves attention. These appeals were brought here on independent translations and transcripts of the same record in the court below. Why counsel should suffer such additional burden to be imposed upon the parties when one translation and transcript would meet every requirement, we do not understand. The expense of transferring a case to a court of appeals under the federal practice as it now exists is already too great and every reasonable endeavor should be made to see that no unnecessary burden is imposed."

Similar considerations would apply to this case. It would have been much more convenient for the parties, the attorneys, the trial court and the Supreme Court if both appeals had been prosecuted together. Time and money would have been saved and it would have been impossible to hear one of the appeals while the transcript in the other had not been filed in this Supreme Court. Such practice should not be followed.

However, this court is of the opinion that it should not reconsider its order of March 17, 1925.

In the first place, only one of the interested parties has appeared. In the second place, that party's motion is made too late. And in the third place, the fact is that in the exercise of a lawful right the appellant is preparing his record under the auspices of the trial court which, in accordance with the statute and the constant jurisprudence of this court, is the court called upon to approve the statement of the case in an appeal taken from its judgment.

Generally a complete transcript may serve as a basis for all appeals that may be taken from one judgment. But in Porto Rico that transcript may consist of the judgment-roll and a transcript of the stenographic notes, the method adopted by the appellee herein in perfecting the other appeal, or instead of a complete transcript of the stenographic notes the appellant may prepare a statement in narrative

form of that part of the evidence which may be really necessary, a more scientific method which seems to have been the one adopted by the appellant in this case.

Besides, the intervention of the trial court must not be lost sight of. In examining the statement of the case or the stenographic record the court has in mind the appeal that has been taken and may consider that a record that would be complete for submitting to the Supreme Court an appeal from one part of the judgment would not be complete for submitting an appeal from another part of that judgment. All of these considerations and others that might be stated lead us to the conclusion that all acts and stipulations connected with the perfection of an appeal must take place in the district court and not in the Supreme Court.

As regards the delay in this case, we think that the appellee could have prevented it. If the steps that he is now taking had been taken in the district court from the first, or at least as soon as his transcript was approved, there is no doubt that a single transcript would have been brought up or the second one would have been filed long ago, permitting the hearing of both appeals on the same day, as is the practice followed by this court whenever the court is advised in time by the parties.

The motion for reconsideration is overruled.